[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR REARGUMENT AND RECONSIDERATION
This court issued its memorandum of decision on defendant's motion for summary judgment on March 18, 1997. In response to that motion plaintiffs raised various issues.
Reargument has been had. The plaintiffs now seek reconsideration of claims they raised in regard to the statute of limitation and "tension between Connecticut General Statute § 52-581
and § 52-576". Included in this claim is the request that the court reconsider "whether the multiple writings in this case support a conclusion that the six-year statute of limitations" applies.
In addition, plaintiffs seek reconsideration by this court of the question as to whether the claimed agreement "was an executory contract subject to the three-year statute".
Finally, plaintiffs assert that they could not complete the contract because of defendant's interference with plaintiffs conduct in trying to complete construction. Plaintiffs for the first time offer an affidavit of James Sutton dated April 2, 1997. This affidavit was not filed in accordance with the requirement of Practice Book § 380 that a party opposing a motion for summary judgment "shall file opposing affidavits" prior to the day the case is set down for short calendar. This motion for summary judgment was set down for short calendar before October 6, 1995. CT Page 6145
In addition, the Sutton affidavit does not conform to Practice Book § 381 and the pertinent statements in its paragraph 4 are not facts but mere conclusions.
I. "Multiple Writings"
In their first memorandum in opposition to this motion dated September 20, 1995, plaintiffs argue that there were "a series of writings" to support the existence of a contract between the Bank the developer, AMA and they say, "See e.g. attached documentation." There is attached some 74 pages of dense material but the plaintiffs point to no page or document to support their view.
The Bank and AMA entered into a forbearance agreement on June 29, 1990 in which the debtor AMA and the three individual guarantors, Sutton, Krass and Heneghan admitted that AMA owed Bank over $4,097,000 dollars. This agreement was recognized in another such agreement of December 1990. The documents to which plaintiffs refer in their first memorandum are dated April 9, 1991, June 29, 1990, December 1990, and November 9, 1993. In addition there are three other documents dated January 20, 1986, January 23, 1986 and June 25, 1986. The first four documents were all produced after the breach of the oral contract on May 1, 1990. Thus, they have nothing to do with the making of the oral contract.
The later three documents were produced before the breach of the oral contract and thus might be used to prove the making of that contract. The document produced January 20, 1986 seems to be entitled "Mortgage Loan Presentation". On page 5 of that document the construction details snow no basements were to be built. The document is unsigned.
The document of January 22, 1986 is a bank letter to AMA stating that the bank "agrees to make a $2,000,000 loan to [AMA] subject to" various conditions. Plaintiffs offer no proof that any of those conditions was met. The $2,000,000 loan figure is contradicted by plaintiffs' offered document of June 29, 1990 which admits they owe over $4,097,000. This "commitment" was not effective until it was "accepted in writing on or before February 7, 1986". No acceptance was had.
The document of June 25, 1986 is a Construction Commercial CT Page 6146 Mortgage Application which was approved by a "BCP" mortgage officer and the Credit Policy Committee on June 25, 1986.
The Plaintiffs' complaint alleges no sum that the "bank agreed to finance" but only to finance "the construction and development of the condominium project".
The court assumes there was an oral contract. What the plaintiffs have failed to prove by affidavit and documentation is what the contract provided.
The six-year statute of limitations is not applicable.
The claimed oral contract was an executory contract.
There is no fact in dispute about the reason for the plaintiffs' failure to complete construction.
After reconsideration the court will not amend its judgment granting the summary judgment.
N. O'Neill, J.